IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARK ANTHONY GREEN, # 155789**                                                        **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 3:16cv36-DPJ-FKB**

**ANTHONY HEATH and CENTRAL
MISSISSIPPI CORRECTIONAL
FACILITY**                                                                                                 **DEFENDANTS**

### ORDER DISMISSING CENTRAL MISSISSIPPI CORRECTIONAL FACILITY

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of partial dismissal. Plaintiff Mark Anthony Green is incarcerated with the Mississippi Department of Corrections ("MDOC"). He filed this action challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Central Mississippi Correctional Facility ("CMCF") is dismissed.

**I.      Discussion**

Green is housed at CMCF, where he was allegedly attacked by Defendant Anthony Heath on April 11, 2015. Green further claims that he has been denied treatment for ongoing injuries stemming from the assault. Among others, Green sues the prison, and he seeks damages and medical treatment.

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. Among other things, the statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords

judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  And because the Court permitted Green to proceed *in forma pauperis* in this action, his Complaint will be considered for *sua sponte* dismissal under § 1915.

Green brings claims against CMCF for damages and injunctive relief under 42 U.S.C. § 1983 and state law.  CMCF is not a separate legal entity but is a prison facility run by MDOC. *See* Miss. Code Ann. §§ 47-5-26(4), 47-5-108, 47-5-110, 47-5-517, 47-5-1205(2).  Therefore, CMCF is coextensive with MDOC.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  MDOC is

considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683, at *2 (S.D. Miss. June 12, 2006).  Therefore, the § 1983 claims against CMCF are dismissed.

To the extent CMCF is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court."  Miss. Code Ann. § 11-46-5(4).  Therefore, the state-law claims against CMCF are dismissed as well.

## II.      Conclusion

CMCF is dismissed because it is not a § 1983 "person" and it is immune from suit in federal court on the state-law claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the 42 U.S.C. § 1983 claims against Defendant Central Mississippi Correctional Facility should be and are hereby **DISMISSED WITH PREJUDICE**.  The state-law claims against this Defendant are **DISMISSED WITHOUT PREJUDICE**.  The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 11th day of April, 2016.

>    s/ *Daniel P. Jordan III*
>    UNITED STATES DISTRICT JUDGE